IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

```
CLERK'S OFFICE U.S. DIST. COURT
      AT ROANOKE, VA
           FILED
       MAY 0 4 2005
   JOHN F. CORCORAN, CLERK
   BY:
            DEPUTY CLERK
```

| | |
|---|---|
| LEROY ELLIS, ) | |
|     Petitioner, ) | Civil Action No. 7:05-cv-00268 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| B.A. BLEDSOE, ) | By: Jackson L. Kiser |
|     Respondent. ) | Senior U.S. District Judge |

    Petitioner Leroy Ellis, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. Ellis requests re-sentencing as a result of the new rules announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). Upon review of the petition, the court concludes that Ellis has failed to demonstrate entitlement to relief under §2241 and that his petition must be construed, filed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255.

### I.    Procedural History

    Ellis was convicted of conspiracy to commit bank robbery and unarmed bank robbery in 1995. He was sentenced to 240 months imprisonment. Ellis filed a direct appeal in the United States Court of Appeals for the Fourth Circuit which affirmed his convictions on August 6, 1997. He subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, in this court, which was denied in May 1999. He then filed an appeal of the denial of his § 2255 petition in the United States Court of Appeals for the Fourth Circuit; it was denied. He then filed two successive writ applications in the Fourth Circuit, both of which were denied. Next, Ellis filed what he entitled as an "actual innocence petition" which this court construed as a successive § 2255 petition and dismissed in March 2003. Ellis appealed the denial of that petition to the Fourth Circuit; the court denied his appeal in September 2003. Ellis then filed a petition

1

pursuant to 28 U.S.C. § 2241 which this court construed as a successive § 2255 and dismissed in May 2004. In the instant §2241 petition, Ellis requests re-sentencing as a result of what he alleges to be new constitutional rules announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005).

## II. Analysis

Ellis argues that his remedy under §2255 is inadequate or ineffective to test the legality of his detention because he has "had no reasonable opportunity to obtain earlier judicial correction" as to the new rule established in Blakely. A district court may not entertain such a claim in a §2241 petition, unless a motion pursuant to §2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The Fourth Circuit has found that §2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to §2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Ellis's petition in light of this standard, it is clear that he cannot proceed under § 2241. With respect to the first prong of this test, it is indisputable that at the time of his conviction, settled law established the legality of his convictions. As to the second prong of the Jones test, the court must determine whether the substantive law relating to Ellis's offenses has changed such that the conduct for which he was convicted is no longer considered to be "criminal." A review of current federal law clearly shows conspiracy to commit bank robbery

2

and bank robbery continue to constitute criminal offenses. See 18 U.S.C. §§ 371, 2113. Thus, Ellis is unable to satisfy the second prong of the Jones test necessary for this court to find that he may proceed under § 2241 with his petition for writ of habeas corpus. As Ellis is unable to meet either the first or second prong, it is unnecessary to determine whether the third prong of the test is met in this case. Accordingly, he cannot demonstrate that § 2255 is an inadequate or ineffective remedy to test the legality of his detention and thus, relief under § 2241 cannot be granted.

As the court may not consider Ellis's claims under §2241, the court will construe his petition as a §2255 motion. Section 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain, 430 U.S. at 378. To file a second such motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive §2255 motion, the district court has no jurisdiction to consider the merits of his §2255 claims.

As noted above, Ellis has previously filed multiple § 2255 petitions in this court. He has made no showing that he has filed an appropriate motion seeking permission to file a successive § 2255 petition. Thus, to the extent that the instant petition can be construed as one brought pursuant to § 2255, it is successive and must therefore be dismissed.

### III.  Conclusion

Based on the foregoing, I find that petitioner has failed to demonstrate entitlement to relief under §2241 and that his petition must be construed, filed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may

issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 4th day of May, 2005.

Senior United States District Judge